IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BENJAMIN SCHATTE, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:11-cv-2459 |
| | § | |
| TRIVERA, LLC, d/b/a DIRECT BUY OF | § | |
| HOUSTON and DIRECT BUY OF | § | |
| HOUSTON SOUTHWEST, FAVEO, LLC | § | |
| d/b/a DIRECT BUY OF HOUSTON EAST | § | |
| and DAN TIDWELL, Individually, | § | |
| Defendants. | § | |

## DEFENDANTS' MOTION OBJECTING TO CONDITIONAL CERTIFICATION OF CLASS

Defendants, Trivera, LLC d/b/a Direct Buy of Houston and Direct Buy of Houston Southwest ("Trivera"), and Dan Tidwell ("Tidwell") file this objection to Plaintiff's Opposed Motion for Conditional Class Certification and Notice, and would show the Court as follows:

### Late Joinder

1.   Plaintiff's filed an Opposed Motion for Conditional Class Certification and Notice on December 1, 2011. However, the deadline for Motions for Leave to Amend Pleadings and Join New Parties was November 16, 2011. (Doc. 13). As such, their motion to conditionally certify the class is not timely, as it is a request to join a group of new parties well past the deadline without a motion for leave to do so. Therefore, the Court should deny certification.

## Class Certification Inconsistent with Petition

2.      Plaintiff's Original Complaint provides that "the class of similarly situated plaintiffs is properly defined as: All current and former hourly call center employees of the Defendants during the three-year period preceding the filing of this Complaint." (Doc. 1, p.5, par. 20).  However, in his motion Plaintiff requests the "following conditional class: All current and former full time hourly employees of Trivera, LLC and Faveo, LLC within the last three (3) years."  This class requested in the motion is much broader than that of the class pled by Plaintiff and should be denied, as the relief requested was not pled, the time to amend pleadings is past, and Plaintiff has not sought leave to amend his complaint and request the relief that has neither been pled, nor proven.  Therefore, the Court should deny certification.

## Not Similarly Situated

3.      Plaintiff has failed to show that the class members are similarly situated.  To generally state that this is not so, Plaintiff has failed to provide substantial allegations demonstrating that every hourly worker is similarly situated. *Dorsey v. J&V Communication Services, Inc.*, Civ. A. No. H-04-0496, 2004 WL 5621864 (S.D. Tex. May 19, 2004).  Therefore, the Court should deny certification.

## Prayer

Defendants, Trivera and Tidwell, ask this Court to sustain Defendants' objections, deny conditional class certification, and for such other relief as the Court finds just.

        Respectfully submitted,

        THE VETHAN LAW FIRM, PC

        By: /s/ Lee Keller King
        Lee Keller King
        Attorney-in-Charge
        Texas Bar No. 00792016
        Southern District Bar No: 18847

OF COUNSEL
The Vethan Law Firm, PC
3501 Allen Parkway
Houston, Texas 77019
Telephone: (713) 526-2222
Telecopier: (713) 526-2230

## CERTIFICATE OF SERVICE

    I certify that on December 21, 2011, a true and correct copy of this was served to each counsel of record in accordance with the Federal Rules of Civil Procedure.

Josef F. Buenker                *Via CM/ECF*
1201 Prince Street
Houston, Texas 77008

        /s/ Lee Keller King
        Lee Keller King