UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BENJAMIN SCHATTE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-2459 |
| | § | |
| TRIVERA, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Plaintiffs Benjamin Schatte and Ryan Rodriguez' motion for conditional class certification pursuant to 29 USC § 216(b). Doc. 24. Plaintiffs seek certification of a class of similarly-situated employees in a Fair Labor Standards Act ("FLSA") claim against their former employer, Defendants Trivera, LLC ("Trivera"), Faveo, LLC ("Faveo"), and Dan Tidwell alleging that Defendants failed to pay their workers overtime for hours worked in excess of forty hours per week. *Id.*

Background

As stated in the complaint and in the motion for class certification, Defendants "are engaged in the business of selling membership to a 'buyers' club' where members get discounts on consumer goods." Doc. 17 at 1; Doc. 1 at 2. Plaintiffs allege that Defendants employed Plaintiffs and other similarly situated employees in their sales and telemarketing department in which they solicited new customers. *Id.* At any time, Defendants employed approximately 10 to 12 people in these positions. *Id.* Plaintiffs assert that Defendants employed its workers on an hourly basis but that employees also received commissions for any sales they made. *Id.* Nevertheless, Defendants' often required their sales and telemarketing employees to work in

excess of forty hours per week but paid its employees at the regular rate for all hours worked in excess of forty. *Id.*

### Standard

"The FLSA allows multiple employees to bring action against an employer on behalf of themselves and other employees similarly situated." *Bejil v. Ethicon, Inc.*, 269 F.3d 477, 481 (5th Cir. 2001). "Certification of a collective action suit is generally analyzed under a two step process. The first step is the conditional certification, or 'notice stage,' in which the district court decides whether to issue notice to potential class members." *Maynor v. Dow Chemical Co.*, 671 F.Supp.2d 902, 930 (S.D.Tex. 2009) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir.1995)). Conditional certification "is often based only on the pleadings and affidavits that have been submitted" and therefore is made using a fairly lenient standard. *Id*. The pleadings on which the Court conditionally certifies the class must show "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *Id.* (quoting *Barron v. Henry County Sch. Sys.*, 242 F.Supp.2d 1096, 1103 (M.D.Ala. 2003)).

### Analysis

Plaintiffs have alleged sufficient facts to support conditional class certification. Plaintiffs have alleged that the Defendants follow a pattern or practice of paying a regular rate of pay towards all its sales and telemarketing employees regardless of the number of hours they work. Doc. 17 at 2. These employees are similarly situated with regard to Defendants' policies and their claims are suitable for class treatment.

Defendants have contested the conditional certification on the grounds that the certification motion is not timely, that the certification is inconsistent with the class identified in Plaintiffs' original petition, and that the purported class members are not similarly situated.

Defendants' arguments are without merit. Defendants contend that the motion is untimely because the deadline to add parties or to amend pleadings passed on November 16, 2011. Doc. 20. The Court sees no reason why Plaintiffs' motion for conditional certification should be subject to the deadline to add parties or amend pleadings, nor does the Court consider this conditional certification an amendment to Plaintiffs' original complaint, which stated that the Plaintiffs brought the case "as an individual action and as a collective action." Doc. 1 at 1.

Defendants generally allege that the "class requested in the motion is much broader than that of the class pled by Plaintiff," but do not state why or how. Doc. 19 at 2. Plaintiffs' original petition defines the class as "All current and former hourly call center employees of the Defendants during the three-year period preceding the filing of this Complaint." Doc. 1 at 5. Plaintiffs' motion for class certification requests that the Court certify a class of "All current and former *full time* hourly call center employees of Triver, LLC and Faveo, LLC within the last three (3) years." Doc. 17 at 6 (emph. added). The class that Plaintiffs request that the Court certify is perhaps marginally *smaller* than the class described in the complaint because it is limited to full time employees.

Defendants also contend that Plaintiffs have "failed to provide substantial allegations demonstrating that every hourly worker is similarly situated." Doc. 19 at 2. To the contrary, Plaintiffs explicitly stated that "the employees in question performed the same duties under the same type of schedule and were/are paid pursuant to the same illegal payment plan." Doc. 17 at 6. Plaintiffs therefore have adequately alleged that the class members are similarly situated.

Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Plaintiffs' motion (Doc. 17) for conditional class certification is

**GRANTED.** The Court certifies a conditional class of all current and former full time hourly call center employees of Triver, LLC and Faveo, LLC who worked within the last three years. The Court further

**ORDERS** that notice to the prospective class be given via Plaintiffs' proposed notice (Doc. 17-4) and that class members be given sixty days from the date of the notice mailing to opt-in to the collective action.

SIGNED at Houston, Texas, this 13th day of September, 2012.

                                        MELINDA HARMON
                                 UNITED STATES DISTRICT JUDGE